UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TEAM KENNEDY,<br>    Plaintiff,<br><br>v.<br><br>SHENNA BELLOWS, in her<br>Official Capacity as the Maine<br>Secretary of State,<br>    Defendant. | )<br>)<br>)<br>)  No. 1:24-cv-00052-JAW<br>)<br>)<br>)<br>)<br>) |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT**

On February 21, 2024, Team Kennedy filed a complaint in this Court against Shenna Bellows, the state of Maine Secretary of State (Secretary), alleging that the Secretary violated various statutory and constitutional provisions in her interpretation and enforcement of Maine's election laws applicable to the 2024 presidential primary and demanding that the Court enjoin the Secretary's allegedly illegal practices. *Compl.* (ECF No. 1). On February 27, 2024, Team Kennedy filed an amended complaint, *Am. Compl.* (ECF No. 8), and a motion for emergency preliminary injunction. *Mot. for Em. Prelim. Inj.* (ECF No. 9). On February 29, 2024, the Secretary opposed Team Kennedy's motion for preliminary injunction. *Secretary of State's Opp'n to Mot. for Prelim. Inj.* (ECF No. 16). On March 4, 2024, this Court issued a thirty-six-page opinion, analyzing and rejecting Team Kennedy's motion for emergency injunction. *Order on Mot. for Prelim. Inj.* at 1-36 (ECF No. 18).

On March 18, 2024, the Secretary moved to dismiss Team Kennedy's lawsuit. *Secretary of State's Mot. to Dismiss* (ECF No. 19). Team Kennedy's opposition was

due by April 8, 2024. But Team Kennedy has failed to file any opposition to the Secretary's motion to dismiss or to move to extend time to file its opposition. Under District of Maine Local Rule 7(b), if a party wishes to oppose a motion, it must do so within twenty-one days of the date the motion was filed. D. ME. LOC. R. 7(b). Under Rule 7(b), the failure to file a timely opposition to a motion constitutes a waiver of objection. *Id.*

Even though Rule 7(b) allows a court to treat a party's failure to oppose a motion to dismiss as a waiver of objection, when the record before the court permits the assessment of the merits of the motion, the failure to oppose should not be determinative. *See Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) ("[A] court may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default"); *Vega-Encarnacion v. Babilonia*, 334 F.3d 37, 41 (1st Cir. 2003) ("If the merits are at issue, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim").

In accordance with Local Rule 7(b) and First Circuit authority, the Court reviewed the grounds for the Secretary's motion to dismiss and the gravamen of the amended complaint to determine whether it should dismiss the amended complaint. As the Secretary's motion to dismiss is grounded on this Court's conclusions in its March 4, 2024 order denying Team Kennedy's motion for emergency preliminary injunction and is otherwise facially meritorious, the Court concludes that it is

appropriate to dismiss the Team Kennedy lawsuit for failure to respond to the Secretary's motion to dismiss.

The Court GRANTS the Secretary of State's Motion to Dismiss (ECF No. 19) and DISMISSES without prejudice Team Kennedy's Amended Complaint (ECF No. 8).

SO ORDERED.

>/s/ John A. Woodcock, Jr.
> JOHN A. WOODCOCK, JR.
> UNITED STATES DISTRICT JUDGE

Dated this 13th day of May, 2024